# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

COGAN, J.

BEOM SU LEE

Plaintiff in Pro Per

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-against-**

FLOWER KARAOKE, et al

Defendants.

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No: CV 18-2580

*(to be filled in by the Clerk's Office)*

Jury Trial:   ☑ Yes   ☐ No
*(check one)*



RECEIVED
APR 30 2018
PRO SE OFFICE

1

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | BEOM SU LEE |
| Street Address | 4322 Wilshire Blvd #109 |
| City and County | Los Angeles |
| State and Zip Code | CA 90010 |
| Telephone Number | 213-700-1271 |
| E-mail Address | interwin77@hotmail.com |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Flower Karaoke |
| Job or Title (if known) | Karaoke |
| Street Address | 162-05 Crocheron Ave. |
| City and County | Flushing |
| State and Zip Code | NY 11358 |
| Telephone Number | 718-321-2012 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | Happy Karaoke |
| Job or Title (if known) | Karaoke |
| Street Address | 160-30 Northern Blvd. |
| City and County | Flushing |

State and Zip Code    NY 11358

Telephone Number    718-886-6886

E-mail Address
(if known)

Defendant No. 3

Name    Harmony Karaoke

Job or Title    Karaoke
(if known)

Street Address    41-13 150 St.1FL

City and County    Flushing

State and Zip Code    NY 11355

Telephone Number    917-563-1031

E-mail Address
(if known)

Defendant No. 4

Name    YUL LIN    Karaoke

Job or Title    Karaoke
(if known)

Street Address    40-20 149th Place

City and County    Flushing

State and Zip Code    NY 11354

Telephone Number    718-886-1301

E-mail Address
(if known)

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two
types of cases can be heard in federal court: cases involving a federal question and cases
involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising
under the United States Constitution or federal laws or treaties is a federal question case.
Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another
State or nation and the amount at stake is more than $75,000 is a diversity of citizenship
case. In a diversity of citizenship case, no defendant may be a citizen of the same State
as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This is a civil action seeking damages for copyright infringement
under the Copyright Act of the United States, 17 U.S.C.

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

4

b.  If the defendant is a corporation

The defendant, *(name)* _____, is
incorporated under the laws of the State of *(name)*
_____, and has its principal place of
business in the State of *(name)* _____. *Or* is
incorporated under the laws of *(foreign nation)*
_____, and has its principal place of
business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an
additional page providing the same information for each additional
defendant.)*

3.  The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant
owes or the amount at stake—is more than $75,000, not counting interest
and costs of court, because *(explain)*:

_____
_____
_____

## III.  Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as
briefly as possible the facts showing that each plaintiff is entitled to the damages or other
relief sought.  State how each defendant was involved and what each defendant did that
caused the plaintiff harm or violated the plaintiff's rights, including the dates and places
of that involvement or conduct.  If more than one claim is asserted, number each claim
and write a short and plain statement of each claim in a separate paragraph.  Attach
additional pages if needed.

Please see attachment _____
_____
_____
_____
_____

**IV.   Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The   Defendants shall pay such  statutory damages as  the  Court deems  just as specified in 17 U.S.C.  § 504 (C) (1),  namely, more than $750.00  nor less than $30,000.00 for the  infringments of  the copyrights of  each work .

**V.   Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.   For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _April 20_ , 20_18._

Signature of Plaintiff

Printed Name of Plaintiff    _BEOM SU LEE_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BEOM SU LEE
Plaintiff in Pro Per

CV

**COMPLAINT ATTACHMENT**

-against-

FLOWER KARAOKE , et al
Defendants.

Plaintiff  Beom Su Lee complains and alleges as below

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages for copyright infringement

under the Copyright Act of the United States, 17 U.S.C.

2.      This Court has subject matter jurisdiction over this copyright

infringement action pursuant to 28 U.S.C. §§ 1338(a).

3.      Defendants are doing business in Flushing, New York and in this

judicial district, the  acts  of infringement complained of  herein occurred in the

Flushing, New York and in this judicial district, and  Defendants  have caused

1

injury to Plaintiff and his intellectual property within Flushing, New York and in this judicial district.

## THE PARTIES

4.     Plaintiff Beom Su Lee is a resident of the County of Los Angeles, State of California, the copyright holder of the late Jae Ho Lee's Musical Works.

5.     Defendants Karaoke, Bar and Club are New York Companies and located in Flushing, New York as below;

(FLOWER KARAOKE ; HARMONY KARAOKE;HAPPY KARAOKE; CHRISTMAS KARAOKE; YUL LIN KARAOKE: BOOMERANG; SAKWANAMU; FONTAZIA; CARAMEL; SENSE; TOMATO;ALL IN; SOMETHING ONE INC:CEO BUSINESS CLUB)

## FACTS OF THE CASE

6.     Plaintiff Beom Su Lee, is the 4th son of Jae Ho Lee (1919-1960 from Korea) and the copyright holder of the late Jae Ho Lee's Musical Works (Composition and Lyrics).

(U.S. Copyright Certificate #TX5-432-807

 Exhibit 1 is a true ,correct copy of the U.S. Copyright Certificate #TX5-432-807)

Jae Ho Lee composed over 2,000 Musical Works between 1937-1960 in Korea,

2

Jae Ho Lee is known in Korea as the Schubert of Korean Kayo (Korean popular song)

The Musical Works of Jae Ho Lee remain extremely popular in Korea and abroad.

7.      The U.S. Copyright Certificate #TX5-432-807 is the registration of Jae ho Lee's copyrighted 125 Musical Works in the U.S. which registered at the U.S. Copyright Office in 1999 and received the certificate in 2001. (Title: The Collection of Lee, Jae Ho's Musical Compositions )

8.      Upon the death of Jae Ho Lee (In1960), the copyrights of musical works were inherited by his surviving family. Plaintiff and his family own the copyrights to the Musical Works Jae Ho Lee, specifically, after the death of Jae Ho Lee Plaintiff's mother, Jung Sun Kim (Deceased in 2018) ,held the worldwide copyrights.

Jung Sun Kim transferred the copyrights of Jae Ho Lee to the 1st son,Beom Seung Lee ,Through assignment of the copyrights Plaintiff, Beom Su Lee holds the copyrights of Jae Ho Lee in the United States .

Exhibit 3 is a true, correct copy of the short form assignment giving Plaintiff the copyrights of Jae Ho Lee in the United States and other territories.

9.     On February 8, 2018, THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA  ORDERED as below;
SUMMARY JUDGMENT
(Case No:CV17-05179-SVW-Ex,  Document No: 243)

3

1) Plaintiff Copyright is Valid
2) Plaintiff's Copyright Claim is Not Barred by the Doctrine of Laches.
3) Plaintiff motion is **GRANTED in part and DENIED in part.**
   (Exhibit 2 is a true, correct copy of the ORDER)

10.   On April 6, 2018,  Plaintiff  came to New York City to investigate

Defendants' Karaoke, Bar, Club use TJ Media Karaoke machine or KUMYOUNG

Karaoke machine (S. Korea made Karaoke machines).

Plaintiff rented, paid Defendants' karaoke rooms and secured the evidences

Including video recording of the each Jae Ho Lee's Musical Works.

(Exhibit  4  is  a true, correct copy of video and photo)


11.     Plaintiff   found that TJ Media Karaoke machine recorded and contained

 the 42 of  Plaintiff 's father, Jae Ho Lee's   Musical Works

(Exhibit  5  is  a true, correct copy of  a list of  Jae Ho Lee's   Musical Works in

TJ Media Karaoke machine)


**About  KOREAN  Karaoke, Bar, Club in Flushing ,New York**


12.     All of the Korean karaoke rooms are equipped with karaoke machine,

remote control, songbook and big screen to sing.

Songbook listed and contains all the songs in the karaoke machine.

 Korean karaoke charges a fee based on the number of guests per hour and charges

drink and food separately.

13.   Karaoke is installed in the Korean bar lounge, and Guests sit in a bar chair and sing with karaoke.

14.   The  Korean  club is called room-salon, the price is very  high and  hostesses  and karaoke  are provided.

(Plaintiff was not able to shoot the video because the club was expensive.)

15.   "Karaoke is like any other "cover" song –you need a "Mechanical" & "Synchronization"  license  from each musical composition's publisher(s) or the Copyright owner(s)  to record it, (the manufacturers)  and a performance license and  synchronization license  from  the performing rights societies (ASCAP,BMI,SESAC)  or  the copyright owners perform it (the venues).

**ASCAP – the American Society of Composers, Authors and Publishers** wrote as below:

        "How do businesses obtain permission to perform music?

It is impossible for copyright owners to know of every conceivable use or Performance of their works, and it would also be difficult for users of music to locate all the copyright owners and negotiate licenses for all of the works that might be used. Therefore, writers and publishers of musical works

5

authorize  collective licensing organizations to locate and license public

performances  of their works. (Source-www.ascap.com)"

## FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT
## (UNDER 17 USCA  §§  101  ET.  SEQ., INCLUDING  106,  504  and  602 )
### (BY  PLAINTIFF  AGAINST  ALL  DEFENDANTS)

16.      Plaintiff  hereby incorporates by reference Paragraphs 1 through 15 of

this Complaint as if  fully set forth herein and for a cause of action alleges as

follows:

17.     All   Defendants do not have any license, authorization, permission or

consent to  use  the Infringed Jae Ho Lee 's Musical Works in the United States.

Plaintiff  alleges  copyright infringement based on the Defendants use

unauthorized  karaoke machine, public performance, synchronization of  Jae  Ho

Lee's Musical Works in the United States.

18.      All   Defendants must sign a license agreement for Performing Rights

and Synchronization  with Plaintiff  before using  Jae  Ho Lee's Musical

Works  which contained in TJ Media karaoke machine.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, as follows:

1.     These   wrongful acts have proximately caused  and  will  continue to cause

Plaintiff  substantial injury, including  losses in  earnings, dilution of goodwill,

6

injury to his reputation and reduction of value of Jae Ho Lee's Musical Works. The harm these wrongful acts will cause to Plaintiff is both imminent and irreparable, and the amount damage sustained by Plaintiff will be difficult to ascertain these acts continue. Plaintiff has no adequate remedy at Law.

2.       Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct.

3.       For damages in such amount as may be found, or as otherwise permitted by law.

4.       For the profits received by Defendants, and each of them, from the unauthorized public performance , synchronization and commercial use of Plaintiff's father, Jae Ho Lee's Musical Works.

5.       The   Defendants shall pay such statutory damages as the Court deems just as specified in 17 U.S.C.  §  504 (C) (1), namely, more than $750.00 nor less than $30,000.00 for the infringements of the copyrights of each work and that the penalty be increased to $150,000.00 for the infringements of the copyrights of each work that is willfully infringed.

DATED: April 20 ,2018                    BY: _____

BEOM SU LEE
Plaintiff in Pro Per

7

**ATTACHMENT-DEFENDANTS**

**BEOM SU LEE against FLOWER KARAOKE**

| DEFENDANT | NAME | ADDRESS-Telephone |
|---|---|---|
| DEFENDANT 5 | CHRISTMAS KARAOKE | 4729 Bell Blvd.,Bayside,NY11361<br>Tel:718-224-2464 |
| DEFENDANT 6 | FANTAZIA | 213-07 Northern Blvd.,<br>Bayside,NY11361<br>Tel:718-224-0600 |
| DEFENDANT 7 | SAKWANAMU | 162-07 Depot Rd., Flushing,<br>NY 11358<br>Tel:718-321-0085 |
| DEFENDANT 8 | BOOMERANG | 40-31 162 St., Flushing,<br>NY 11358<br>Tel:718-321-0085 |
| DEFENDANT 9 | CARAMEL | 36-13 164 St., Flushing,<br>NY 11358<br>Tel:347-551-4729 |
| DEFENDANT 10 | SENSE | 35-28 154 St., Flushing,<br>NY 11354<br>Tel:718-840-8855 |
| DEFENDANT 11 | TOMATO | 41-18 162 St., Flushing,<br>NY 11358<br>Tel:917-889-4189 |
| DEFENDANT 12 | ALL IN | 35-74 159 St., Flushing,<br>NY 11358<br>Tel:347-551-4729 |
| DEFENDANT 13 | SOMETHING ONE INC | 161-19 Northern Blvd., Tel: 718-762-5550<br>Flushing,,NY11358 |
| DEFENDANT 14 | CEO BUSINESS CLUB | 154-05 NORTHERN BLVD. 2F,<br>FLUSHING, NY 11354<br>Tel:718-353-1212 |

Certificate of Registration    *Exhibit 1*

**FORM PA**
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kayn Leigh Clapptt*

Acting United States Register of Copyrights and Director

**TX 5-432-807**

EFFECTIVE DATE OF REGISTRATION

_____ Month   _____ Day   _____ Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼   (125 Songs Listed inside the book)
"The Collection of Lee, Jae Ho's Compositions."

PREVIOUS OR ALTERNATIVE TITLES ▼

NATURE OF THIS WORK ▼ See instructions

"The Korean Popular Song (Lyrics)."

**2 a**

NAME OF AUTHOR ▼   Lee, Jae Ho

DATES OF BIRTH AND DEATH
Year Born ▼  1919/10/14    Year Died ▼ 1960/6/11

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ Republic of Korea
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    Yes ☒ No
Pseudonymous?    ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼
Korean lyrics songs

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous?    ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

**c**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous?    ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

**3 a**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given Year in all cases.
1957

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information Month ▶ 10 Day ▶ 10 Year ▶ 1996
ONLY if this work has been published.
Nation ▶ Republic of Korea

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Beom Su Lee (Son); Jung Sun Kim
4033 W. Ingraham Street Los Angeles, Ca 90005

APPLICATION RECEIVED
OCT 1 2 1999
ONE DEPOSIT RECEIVED
1/4/99
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

AUG 0 6 2001

AUG 0 6 2001

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼
Beom Su Lee (Son)
Jung Sun Kim (Wife) - by will & legal transfer

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions  • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

FORM PA

*Exhibie 1*

EXAMINED BY

CHECKED BY

CORRESPONDENCE*
☒ Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work or for an earlier version of this work, already been made in the Copyright Office?
☐ **Yes** ☒ **No** If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼ If your answer is "no," go to space 7.
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼       Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
**Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

See instructions
before completing
this space

**Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼                                                                 Account Number ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent   Name/Address/Apt/City/State/ZIP ▼

Beom Su Lee
4033 W. Ingraham Street, Los Angeles, Ca 9005

Area code and daytime telephone number ▶ 213 '365-8622        Fax number ▶ '213 '365-1527
Email ▶

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of Lee, Joe Ho
                    Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Beom Su Lee                                                    Date ▶ 10-8-99

Handwritten signature (X) ▼

x

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Beom Su Lee (son)
Number/Street/Apt ▼
4033 W. Ingraham Street
City/State/ZIP ▼
Los Angeles, Ca 9005

• YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999,
the filing fee for
Form PA is $30

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.
June 1999—200,000
WEB REV: June 1999

Ⓟ PRINTED ON RECYCLED PAPER

U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/68

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

*Exhibit 2*

### CIVIL MINUTES - GENERAL

Case No.   2:17-cv-05179-SVW-E                    Date   February 8, 2018

Title   *Beom Su Lee v. eBay et al.*

---

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

Proceedings:   ORDER RE CONCURRENT MOTIONS FOR SUMMARY JUDGMENT [179, 180] AND MOTION FOR DEFAULT JUDGMENT [188]

## I.    Introduction

Before the Court are concurrent motions for summary judgment (Dkt. 179, 180). Specifically, Plaintiff Beom Su Lee ("Plaintiff") seeks summary judgment on his copyright infringement claims against the following Defendants: Carnival Karaoke; Cherbourg Café; Eastland Karaoke; Feel Karaoke; Gaam; Garam Restaurant; Me-Ryun Café; Napoles Club; Pharaoh Karaoke; Round Karaoke; Sabasaba; Shout Karaoke; Soopsok Karaoke; Star Karaoke; Suwarine; Voss Live House; Young Dong Music Studio; Ziller Karaoke; D Addiction; and Karaoke Gangnam Style, Doremi Karaoke; Jaguar Karaoke; Hayward Karaoke; Recital Karaoke; Simple Karaoke; D-Day Karaoke; Chorus Karaoke Restaurant; Gohyan Sanchon; Octave 18 Karaoke; Palm Tree Karaoke; Basic; Pharaoh Karaoke; Il Gaa Karaoke; Chorus Karaoke; Shrine Karaoke; Café Bliss; Dolsan; Grand Karaoke; Karaoke Ya Hwa; Lavue; Namkoong Karaoke; Olive Café; Vermont Karaoke; and Xpress Night Club (collectively, "Defendants"). (Dkt. 180).

Defendants seek summary judgment on Plaintiff's copyright infringement claims for the following reasons: (1) Plaintiff's copyright registration is invalid; (2) Plaintiff cannot prove which, if any, of the Defendants actually possess the purportedly copyrighted materials; (3) Defendants' alleged public display or performance of the copyrighted works does not constitute copyright infringement; and (4) Plaintiff's claim is barred by the doctrine of laches. (Dkt. 179). For the following reasons, Plaintiff's motion is **GRANTED in part** and **DENIED in part**, and Defendants' motion is **DENIED in part** and **GRANTED in part**. Plaintiff's Motion for Default Judgment is also **DENIED**.

---

Initials of Preparer   :

PMC

---

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-05179-SVW-E | Date | February 8, 2018 |
| Title | *Beom Su Lee v. eBay et al.* | | |

## II.  Background

This case arises out of Defendants' allegedly unauthorized use of Plaintiff's copyrighted musical works in karaoke bars across Los Angeles, California. Plaintiff's father, Jae Ho Lee, was a popular Korean musician who owned copyrights in over 2,000 musical works registered with the Korean Music Copyright Association. Upon Jae Ho Lee's death in 1960, the copyrights were conveyed to Plaintiff's mother, Jung Sun Kim, who later transferred ownership to her eldest son Beom Seung Lee. On August 1, 2001, through a copyright assignment from Beom Seung Lee, Plaintiff Beom Su Lee became the copyright holder of Jae Ho Lee's musical works.

In 1996, Plaintiff and his family published "The Collection of Lee, Jae Ho's Musical Compositions," which included 125 of Jae Ho Lee's musical works. (SUF 1). Additionally, the collection included biographical information about Jae Ho Lee. (SUF 6). Plaintiff's family hired Jeom Do Kim and Sam Ho Publishing Co. in South Korea to organize the collection of musical works and biographical information into a book. Roughly 5000 copies of the collection were published and were given to celebrities, members of the Korean music industry, and family friends. (SUF 2). In 1999, Plaintiff registered the 125 musical works as a collection with the United States Copyright Office. (SUF 1). Plaintiff received the registration number, TX5-432-807, from the United States Copyright Office in 2001.

Around April 2017, Plaintiff first learned that three different companies had programmed a number of Jae Ho Lee's musical works into their karaoke machines and song book list. (SUF 8). Upon learning of this unauthorized use, Plaintiff began personally investigating the various Defendant karaoke bars. Plaintiff alleges he discovered forty-five of the copyrighted works in TJ Media Karaoke's machines and forty-four of the copyrighted works in Kumyoung Karaoke's machines at Defendants' venues. On July 28, 2017, Plaintiff filed a Second Amended Complaint against all Defendants for (1) copyright infringement of Jae Ho Lee's musical works and (2) unfair business practices. (Dkt. 65).

## III.  Legal Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence

_____ : _____

Initials of Preparer

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-05179-SVW-E | Date | February 8, 2018 |
| Title | *Beom Su Lee v. eBay et al.* | | |

of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248. However, no genuine issue of fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### IV.    Discussion

Caselaw is clear that karaoke constitutes a public performance. *See Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193 (10th Cir. 2005); *Broadcast Music, Inc. v. Zendejas Colton, Inc.*, CV 06–1111 SVW (C.D. Cal. Oct. 18, 2006); *Elohim EPF USA, Inc. v. Total Music Connection*, Inc., No. CV 14-02496-BRO, 2015 WL 12655556 (C.D. Cal. Oct. 1, 2015). A restaurant owner or operator who hosts karaoke performances may be liable for copyright infringement for failing to obtain a license for such performances. *Zendejas Colton, Inc.*, CV 06–1111 SVW (C.D. Cal. Oct. 18, 2006).

Defendants argue: (1) that Plaintiff's copyright is invalid; (2) Defendants' alleged public display or performance of the musical works does not constitute copyright infringement; (3) Plaintiff cannot prove which, if any, of the Defendants actually possess the purportedly copyrighted materials; and (4) Plaintiff's claims are barred by the doctrine of laches. After reviewing both parties' motions, the Court finds Defendants arguments unpersuasive.

#### a.   Plaintiff's Copyright is Valid

Defendants argue that Plaintiff's copyright registration is invalid for two reasons. First, Defendants allege Plaintiff improperly registered the collection as previously published. (Def. MSJ, Pg. 10-11). Second, Defendants allege Plaintiff made numerous misrepresentations to the Copyright Office to obtain the registration for the collection. (Def. MSJ, Pg. 11-12). The Court finds that Defendant's arguments lack merit and that Plaintiff's copyright in the collection is valid.

A copyright registration is "prima facie evidence of the validity of the copyright and the facts stated in the certificate." 17 U.S.C. § 410(c); *see also S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th

Initials of Preparer

PMC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-05179-SVW-E | Date | February 8, 2018 |
| Title | *Beom Su Lee v. eBay et al.* | | |

Cir.1989). Defendants therefore have the burden of rebutting the facts set forth in the copyright certificate. *S.O.S.*, 886 F.2d at 1085–86 (explaining that section 410(c)'s presumption shifts the burden of coming forward with evidence to the defendant); *see also Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir.2003). "To rebut the presumption [of validity], an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *Lamps Plus, Inc.*, 345 F.3d at 1144, quoting *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir.1997).

"A certificate of registration satisfies the [registration requirement], regardless of whether the certificate contains any inaccurate information," unless (1) "the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate," and (2) "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1). The Ninth Circuit has held that "inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement." *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir.1997); *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 852–53 (9th Cir. 2012), as amended on denial of reh'g and reh'g en banc (June 13, 2012). Moreover, the Ninth Circuit emphasizes the policy that courts should seek to preserve copyrights, rather than invalidate them on the basis of minor defects in registration certificates. *Urantia Found.*, 114 F.3d 955, 963 (9th Cir. 1997).

Defendants attempt to rebut this presumption of validity by arguing that Plaintiff improperly registered the collection as previously published. In support, Defendant argues that because the collection was not for sale (SUF 2), that the collection was "unpublished" at the time Plaintiff submitted the registration application to the U.S. Copyright Office as a "published" work. (Def. MSJ, Pg. 10). A work is "published" for purposes of the Copyright Act when copies of the work are distributed to the public "by sale or other transfer of ownership, or by rental, lease or lending" or offered to be distributed "to a group of persons for purposes of further distribution." 17 U.S.C. § 101. Notwithstanding the fact the collection was never on sale, about 5000 copies of the collection, each affixed with a copyright symbol, were published by Sam Publishing Co. in South Korea and given to celebrities, members of the Korean music industry, and family friends. (Dkt. 206). The Court finds this evidence sufficient and holds that the collection was "published" under the Copyright Act because it was "distributed to a group of persons for purposes of further distribution." Because the Court finds Plaintiff properly registered the collection as previously published, the Court need not address Defendant's argument that Plaintiff's collection fails under the rules

| | |
|---|---|
| | : |
| Initials of Preparer | |
| | PMC |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-05179-SVW-E | Date | February 8. 2018 |
|---|---|---|---|
| Title | *Beom Su Lee v. eBay et al.* | | |

of an unpublished collection.

Next, Defendant maintains that because Plaintiff failed to indicate on his registration application that the collection was compiled by Jeom Do Kim—and instead listed Jae Ho Lee as the author—the copyright is invalid. Jae Ho Lee was the original creator of the songs. According to Defendant, Jae Ho Lee could not be the author of the collection because he passed away thirty years before the collection was compiled. (SUF 5). However, Defendant's argument is incorrect. An "author" is party who actually creates the work, that is. the person who translates idea into fixed, tangible expression entitled to copyright protection. 17 U.S.C. § 102; *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989). Here, Jae Ho Lee created the musical works contained in the collection; thus, he still remains the author of the musical works post-death. Next, Jeom Do Kim and Sam Publishing Co. were hired to publish the book itself and did not author either the musical works or the biographical information contained in the collection. Thus, Jeom Do Kim is not an "author" of the published collection.

Because inadvertent mistakes do not invalidate a copyright and courts should err on preserving the validity of a copyright. the Court holds Plaintiff's copyright is valid.

### b. *Defendant's Conduct Constitutes An Infringement of Plaintiff's Public Performance Right*

In this case, unlike the traditional American style of karaoke, the Korean karaoke displays and performances take place in private rooms and are seen and heard by only small groups. (SAC ¶ 59). Defendants argue "there is no 'public' aspect to the displays or performances that occur in the private rooms of Defendants' venues." (Def. MSJ Pg. 8). On the other hand, Plaintiff argues Defendant's karaoke bars and clubs are "public places" and "some of Defendants bars and clubs have outside karaoke" where guests can go outside and sing songs in front of people. (Pln. Opp. Pg. 14).

In *Columbia Pictures Industries, Inc. v. Redd Horne, Inc.*, 749 F.2d 154 (3d Cir.1984), the defendants operated a video rental store. where any customer could pay a fee to rent an individual viewing booth within the store to watch the movie. Defendants argued that this was not a public performance. *Id.* The Third Circuit disagreed, reasoning that the relevant "place" within the meaning of Section 101 of the Copyright Act was the video rental store itself, not the individual booth within the store. *Id.* The Third Circuit concluded that "[s]imply because the cassettes can be viewed in private does not mitigate the essential fact that the [video rental store] is unquestionably open to the public." *Id; see also Columbia*

Initials of Preparer          :

PMC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-05179-SVW-E | Date | February 8, 2018 |
| Title | *Beom Su Lee v. eBay et al.* | | |

*Pictures Indus., Inc. v. Aveco, Inc.*, 800 F.2d 59 (3d Cir. 1986) ("Performances of motion pictures at video cassette rental business' stores were "public" and thus, infringed copyrights where business was willing to make viewing room and video cassette available to any member of public with inclination to avail himself of service."); *Video Views, Inc. v. Studio 21*, Ltd., 925 F.2d 1010 (7th Cir. 1991) (showing of video cassettes of copyrighted films in private booths on adult entertainment business' premises constituted infringing "public" performance: though booths were private, they were located in public establishment).

In *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*, 866 F.2d 278, 281 (9th Cir. 1989), the Ninth Circuit distinguished the private viewing rooms in *Redd Horne* and *Aveco* from viewing movies in a hotel room. The Ninth Circuit held that the question of hotel rooms "differs from those in *Aveco* and *Redd Horne* because its 'nature' is the providing of living accommodations and general hotel services," where individuals enjoy a substantial degree of privacy. *Id.* This holding leads the Court to believe the Ninth Circuit inherently agrees with the Third Circuit's reasoning in *Redd Horne* and *Aveco*.

The Court finds Defendant's argument unavailing. Similar to the video rental stores in *Redd Horne* and *Aveco*, any member of the public could pay the karaoke room rental-fee to perform songs at Defendants' establishments. Although Defendants' customers can sing their karaoke songs in private rooms, the existence of private rooms does not diminish the fact that these establishments are open to the public. Because Defendants' karaoke bars and clubs are public places, the "public" element of a "public performance" is satisfied, even if the customers may sing karaoke somewhat privately.

    *c.  Plaintiff Has Proven Copyright Infringement Against Only Defendants Recital Karaoke and Chorus Karaoke*

Plaintiff alleges copyright infringement based on the Defendants' unauthorized "importation, reproduction, [and] public performance of Jae Ho Lee's musical works in the United States." On December 7, 2017, the Court ordered both parties to file additional briefing regarding what evidence, if any, existed to show that the copyrighted works were performed at the Defendants' businesses. (Dkt. 219). Following the Court's Order, Plaintiff submitted nine video recordings of performances of Jae Ho Lee's musical compositions taken at Defendant Recital Karaoke and Defendant Chorus Karaoke. (Dkt. 227, Pg. 3). Additionally, Plaintiff submitted photographs of the titles of the musical compositions in the karaoke machines and song books taken at various Defendants' venues. (SUF 10). Finally, Plaintiff submitted a declaration stating: "I found that TJ Media Karaoke machines recorded and contained 45 of Plaintiff's father, Jae Ho Lee's Musical Works and KUMYOUNG Karaoke machines recorded and contained the 44

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-05179-SVW-E | Date | February 8, 2018 |
|---|---|---|---|
| Title | *Beom Su Lee v. eBay et al.* | | |

of my father, Jae Ho Lee's Musical Works." (Dkt. 205, Decl. Lee ¶ 8). These facts are not disputed by any of the Defendants.

Meanwhile, the majority of the Defendants filed sworn declarations stating the owners had never seen any customers performing Jae Ho Lee's songs in private or in public and that they did not have records of the songs played by the customers.[1] (Dkt. 228, 237). In Plaintiff's deposition, Plaintiff admitted that during most of his inspections he did not test the machines, but simply viewed the songbook and left. (SUF 12). Moreover, Plaintiff concedes that he cannot verify his purported inspections of the various venues because he went alone, paid in cash and did not obtain receipts. (SUF 13).

As the Court explained in its previous order, under the Copyright Act, to "perform" a work means "to recite, render, play, dance or act it, either directly or by means of any device or process . . . ." However, the mere act of input into a computer or other retrieval system would not appear to be a performance, nor would other internal operations of a computer, such as the scanning of a work to determine whether it contains material the user is seeking. 2 Nimmer on Copyright § 8.14 (2017). Furthermore, merely proffering evidence that a defendant made a copy of a work available to the public is not sufficient by itself to prove a public performance in violation of the Copyright Act. *Atlantic Recording Corp. v. Howell*, 554 F. Supp. 2d 976, 983 (D. Ariz. 2008); *Elohim EPF USA, Inc. v. Total Music Connection, Inc.*, No. CV 14-02496-BRO, 2015 WL 12655556, at *12 (C.D. Cal. Oct. 1, 2015).

The Court finds that most of the Defendants' conduct—listing the songs in a karaoke book—is not sufficient to prove copyright infringement. Moreover, Plaintiff's general statements, such as claiming to have seen the songs in the karaoke machines and songbooks in Defendants' venues, without more, cannot establish that Plaintiff is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56.

While Plaintiff fails to establish specific infringement of the vast majority of his songs, Plaintiff does provide sufficient evidence to establish infringement against Defendant Recital Karaoke and Defendant Chorus Karaoke. Plaintiff submitted nine videos taken at Defendant Recital Karaoke and Defendant Chorus Karaoke's establishments, videos which record actual performances of the copyrighted musical compositions. Accordingly, with respect to these nine acts of infringement, Plaintiff has sufficiently proven copyright infringement. The Court GRANTS Plaintiff's Motion for Summary

---

[1] These declarations are irrelevant to the Court's analysis because the structure of the karaoke rooms would not allow Defendants to see many of the performances or even record them.

Initials of Preparer              :

PMC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-05179-SVW-E | Date | February 8, 2018 |
| Title | *Beom Su Lee v. eBay et al.* | | |

Judgment in that regard. But as to all of the other Defendants, Plaintiff fails to provide sufficient evidence to prove public performance and Defendants' Motion for Summary Judgment is GRANTED.

### d. *Plaintiff's Copyright Claim is Not Barred by the Doctrine of Laches*

Defendants assert that the doctrine of laches bars Plaintiff's action for copyright infringement. Laches is an equitable defense against a copyright claim. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950-951 (9th Cir. 2001). To establish a defense of laches, the defendant must prove that the plaintiff unreasonably delayed in bringing the suit, and that the delay prejudiced the defendant. *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000).

This issue is squarely governed by the Supreme Court's decision in *Petrella v. Metro–Goldwyn–Mayer, Inc.*, where the Court held that "[l]aches . . . cannot be invoked to preclude adjudication of a [copyright] claim for damages brought within the three-year [statute of limitations]." 134 S.Ct. 1962, 1967 (2014). In *Petrella*, the Court explained that until 1957, federal copyright law did not include a statute of limitations for civil suits, which required federal courts to resort to the equitable doctrine of laches. *Id.* at 1968. In 1957, Congress enacted a three-year look-back limitations period for all civil claims arising under the Copyright Act, largely obviating the need for the doctrine of laches. *Id.* at 1973.

Here, Plaintiff discovered Defendants infringement in April 2017. (SUF 8). Defendant does not dispute these facts. Thus, Plaintiff's claims are within the three year statute of limitations. Plaintiff's copyright claims are not barred by the doctrine of laches.

### V.    Unfair Business Practices Claims

"A trial court may dismiss a claim *sua sponte* under Rule 12(b)(6)." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). "Such dismissal may be made without notice where the claimant cannot possibly win relief." *Id.*; *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (trial court may *sua sponte* dismiss for failure to state a claim without notice or an opportunity to respond where "the plaintiff cannot possibly win relief").

Plaintiff's Second Amended Complaint (Dkt. 65) also states a second cause of action for unfair competition under Cal. Bus. Pro. Code §§ 17200 et. seq. The Copyright Act specifically preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of

Initials of Preparer    :

PMC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No | 2:17-cv-05179-SVW-E | Date | February 8, 2018 |
|---|---|---|---|
| Title | *Beom Su Lee v. eBay et al.* | | |

copyright." 17 U.S.C. § 301(a); *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005). The intent of Section 301 of the Copyright Act is to preempt and abolish any rights under the common law or statutes of a state that are equivalent to copyright and that extend to works within the scope of the federal copyright law. *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2005); *see also Maljack Prods. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996). The rights protected under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution, and display. 17 U.S.C. § 106; Laws, at 1137; Altera Corp, at 1089. The copyright is the right to control the work, including the decision to make the work available to or withhold it from the public. Laws, at 1137.

The Ninth Circuit has adopted a two-part test to determine whether a state law claim is preempted by the Copyright Act. First, the work at issue must come within the subject matter of copyright. Second, the state law rights must be equivalent to the exclusive rights of copyright. Laws, at 1137-38; *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004). To survive preemption, the state law claim must include an "extra element" that makes the right asserted qualitatively different from those protected under the Copyright Act. *Altera Corp.*, at 1089; Laws, at 1143; *Summit Mach. Tool Mfg. v. Victor CNC Sys.*, 7 F.3d 1434, 1439-40 (9th Cir.1993). Whether copyright preemption applies is a question of law. *Altera Corp.*, at 1089.

Plaintiff's contention that Defendant violated state law are based on the unlicensed use of the copyrighted songs. These claims are based solely on rights equivalent to those protected by the federal copyright laws and thus, they are preempted. The Court *sua sponte* dismisses Plaintiff's claims under §§ 17200 et. seq.

## VI.   Default Judgment Denial

Plaintiff has also filed a Motion for Default Judgment against six Defendants: Vermont Karaoke, LAVUE, Grand Karaoke, NamKoong Karaoke, Café Bliss, Karaoke YA HAW, and Xpress Night Club. (Dkt. 188). The Court DENIES the motion.

Default judgments are ordinarily disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Accordingly, the Ninth Circuit has instructed courts to consider the following factors in deciding whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action;(5) the

Initials of Preparer                    PMC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-05179-SVW-E | Date | February 8, 2018 |
| Title | *Beom Su Lee v. eBay et al.* | | |

possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471-72.

The Court's decision above, regarding summary judgment, considered the merits of Plaintiff's substantive claim, the sufficiency of the complaint, and the disputes over material facts. Plaintiff listed the six default judgment defendants in the caption of his motion for summary judgment. Plaintiff has not provided any evidence that any of his copyrighted works were publicly performed at Vermont Karaoke, LAVUE, Grand Karaoke, NamKoong Karaoke, Café Bliss, Karaoke YA HAW, or Xpress Night Club. Accordingly, the Court DENIES Plaintiff's Motion for Default Judgment against these six Defendants and *sua sponte* GRANTS Summary Judgment in favor of the six defendants as well.[2]

### VII.   Conclusion

Accordingly, with respect to the nine acts of infringement against Defendant Chorus Karaoke and Defendant Recital Karaoke, Plaintiff's motion is GRANTED. Plaintiff fails to provide sufficient evidence against the remaining Defendants; thus, Plaintiff's motion is DENIED with respect to their alleged infringement. With regard to those remaining Defendants, Defendants' motion for summary judgment is GRANTED as Plaintiff cannot show public performance of his copyrighted works. The Court also *sua sponte* DISMISSES Plaintiff's second claim. The Court also DENIES Plaintiff's Motion for Summary Judgment.

Based on the rationale above, the Court orders Plaintiff to submit the following information. First, Plaintiff must submit further declarations regarding the nine songs he performed at Chorus Karaoke and Recital Karaoke, as evidenced by Page 6 of Dkt. 227. The Court needs information regarding which specific songs (with an English translation of the title) Plaintiff performed at which specific locations. Second, Plaintiff must submit a declaration regarding what specific statutory damages he claims for each violation by Defendants Chorus Karaoke and Recital Karaoke. Plaintiff is ordered to file these declarations within fourteen (14) days.

---

[2] "District courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Carrett*, 106 S. Ct. 2548, 2554 (1986).

| | : |
|---|---|
| Initials of Preparer | PMC |

Exhibit 3

## Copyright Assignment Contract

Date: August 1, 2001
To: International Artists Company
Attn: Beom Su Lee/ (the same name written in Korean)
From: Beom Seung Lee/ (the same name written in Korean)

I, Beom Seung Lee(the primary successor to the late Mr. Jae Ho Lee), hereby exclusively assign the entire legal rights for the work products of the late Mr. Jae Ho Lee's that are presently registered with Korean Music Copyright Association (as well as the work products that are planned to be additionally registered) to Beom Su Lee(the 4th son) and the U.S.A. local corporation International Artists Company (CEO: Beom Su Lee) which is a publishing & multimedia company (Address: 4033 W. Ingraham Street, Los Angeles, CA 90005, USA; Tel(213)385-8622; Fax(213) 365-1527; e-mail:im21@earthlink.net) as of August 1, 2001. The area of assignment shall be the United States of America, Canada, and the rest of the World (excluding Korea and Japan) and the period of assignment shall be the periods the copyrights of the late Mr. Jae Ho Lee's work products receive legal protection within respective countries.

Beom Seung Lee: /signature/ /Sealed/

Address: *Sang-A Apt. 105-706, Kwang-An 1 Dong, Su-Young Gu, Pusan*

*Pusan, Korea*

*Exhibit 3*

## 저작권 양도 계약서

Date:August 1, 2001
To:International Artists Company
Attn:Beom Su Lee/이범수
From:Beom Seung Lee/이범승

본인 이범승(고 이재호님의 대표승계자) 은
2001년 8월1일자로  현재 한국 음악저작권 협회 에 등록되어있는
또한 (추가 등록 예정인 저작물포함)
고 이재호님의 저작물 에 대한 모든 법적인 권리들을 이범수(4남) 와
미국 현지법인 인 Publishing&Multimedia Company 인
International Artists Company (대표:이범수)에 독점적으로 양도하며
주소:4033 W.Ingraham Street,Los Angeles,CA 90005,USA
Tel:(213)385-8622, Fax:(213)365-1527, e-Mail:im21@earthlink.net
양도지역은 미국,캐나다,전세계국가로 하며(한국,일본 제외)
그기간은 이재호님 저작권 이 그 해당국에서 법적으로
보호 받을때 까지로 한다

이범승:   *BSLee*

주소:   부산시 수여구 광안1동 상아 Apt 105-706
        pusan , Korea

*Exhibit 3*

저작권 양도 계약서

*Exhibit 3*

Aeryong Chi Kim
2238 Open Sky Dr.
Fullerton, CA 92833
(Pg) 714-304-9335/(Cell) 714-883-8824

# CERTIFICATE OF TRANSLATION

I, the undersigned, say: I am a Certified Court Interpreter and Translator certified by the Judicial Council of the State of California (State ID:300769); I am fluent in the English and Korean languages; I have personally translated the attached Korean document, titled 'Power of Attorney (dated July 10, 2001)' into one page of English document. The foregoing is a true and correct translation of said document.

I certify (or declare) under penalty of perjury under the laws of the State of California that I personally performed the translation and that it is accurate and complete to the best of my ability.

Executed on November 11, 2002 at Fullerton, California

Aeryong Kim, Certified Court Interpreter/Translator

한국음악저작권협회

# KOMCA
**International Relations Department**

BY MAIL

*Exhibit 3*

Mr. Beom Soo Lee
International Artists Company
4027 W. Ingraham St., Los Angeles
CA 90005
U S A
(No. of Pages : 1, this one)

August 13, 2001

### RE : Certificate of Membership

Mr. Lee,

This is in answer to your letter of July 31, 2001 requesting the confirmation about whether or not Mr. Beom Seung Lee is a copyright inheritor for the late Mr. Jae Ho Lee

In this regards, we should like to inform you that the late Mr. Jae Ho Lee is a member of KOMCA and Mr. Beom Seung Lee is a copyright inheritor for him.

Sincerely yours,

Jongcheol Choi

---

**KOREA MUSIC COPYRIGHT ASSOCIATION**

KOMCA Building, Naebalsan-dong 649, Kangseo-gu, Seoul, Korea
http://www.komca.or.kr    email : inter05d@komca.or.kr

TEL 822 3660 0950  FAX 822 3660 0984
822 3660 0909

JAE HO LEE'S  MUSICAL WORKS  LIST  IN THE  TJ MEDIA KARAOKE/SONG BOOK

U.S.Copyright  Certificate :TX5-432-807    **Exhibit 5**

| The Collection of  Lee,Jae Ho's Compositions -Title | TJ Media Karaoke Song Book Title & Song Number |
|---|---|
| 1) 단장의 미아리 고개 <br> Dan Jang Eui MiAriGoGae | Dan Jang Eui MiAriGoGae #324 <br> Disco #10500 |
| 2) 나그네설움 <br> Na Geu Ne Seol Um | Na Geu Ne Seol Um  #545 <br> Disco #10398 <br> Disco Medley #5128 <br> #18002 |
| 3) 불효자는웁니다 <br> Bul Hyo Ja Neun Ub Ni Da | Bul Hyo Ja Neun Ub Ni Da #689 |
| 4) 산장의여인 <br> San Jang Eui Yeo In | San Jang Eui Yeo In #724 |
| 5) 고향에찾아와도 <br> Go Hyang E Chaj A Wa Do | Go Hyang E Chaj A Wa Do #3475 <br> Disco #802 |
| 6) 물레방아도는내력 <br> Mul re Bang A Do Neun Nae Ryeog | Mul re Bang A Do Neun Nae Ryeog#630 <br> Disco Medley #513 |
| 7) 경상도아가씨 <br> Gyeong Sang Do A Ga Ssi | Gyeong Sang Do A Ga Ssi #137 <br> Disco #11407 <br> Disco Medley #11111 |
| 8) 향수 <br> Hyang Su | Hyang Su #812 |
| 9) 번지없는 주막 <br> Beon Ji Eobs Neun Ju Mag | Beon Ji Eobs Neun Ju Mag #3464 <br> Disco #618 <br> Disco Medley #5126 |
| 10) 대지의항구 <br> Dae Ji Eui Hang Gu | Dae Ji Eui Hang Gu #424 <br> Disco Medley #5787 |
| 11) 꽃마차 <br> Kkoch Ma Cha | Kkoch Ma Cha #235 |
| 12) 홍콩아가씨 <br> Hong kong A Ga Ssi | Hong kong A Ga Ssi #42 ,#13014 <br> Disco Medley #11133 |
| 13) 무정 열차 <br> Mu Jeong Yeol Cha | Mu Jeong Yeol Cha #2795 |

| | |
|---|---|
| 14) 울어라기타줄<br>Ul Eo Ra Gi Ta Jul | Ul Eo Ra Gi Ta Jul #850 |
| 15)산유화<br>San Yu Hwa | San Yu Hwa #842 |
| 16) 복지만리<br>Bog Ji Man Ri | Bog Ji Man Ri  #1067 |
| 17) 귀국선<br>Gwi Gug Seon | Gwi Gug Seon #681<br>Disco#11283 |
| 18) 마의태자<br>Ma Eui Tae Ja | Ma Eui Tae Ja #4259 |
| 19) 망향초사랑<br>Mang Hyang Cho Sa Rang | Mang Hyang Cho Sa Rang #17860 |
| 20) 남강의추억<br>Nam Gang Eui Chu Eog | Nam Gang Eui Chu Eog #2364 |
| 21)화물선 사랑<br>Hwamulson Sarang | Hwamulson Sarang #2567 |

This is the list of  Jae Ho Lee's 42 musical works which Recorded & listed in the TJ Media Karaoke  machine & Song Book. (Total 42 works)

#137, #3475, #545,#324, #3465 #3464,#4007,#11407,
#1128#10398,#10500,#11508,#630,#618,#42,#5126,#5128,#5134,#5142,#5787,
#11111,#11131,#11132,#11133,
#13014,#18002,#137,#3475,#681,#235,#545,#424, #4259,#324,#3465,#3464,#1067#842,#724,#2795,#17760, #4007 ,#850, #812

**Exhibit 5**